**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BRENDA MARCELLE BECKER,

      **Plaintiff,**

**v.**                                       **Case No:   6:17-cv-114-Orl-31TBS**

PROGRESSIVE AMERICAN
INSURANCE COMPANY,

      **Defendant.**

## ORDER

This case is before the Court on Plaintiff's Motion to Remand (Doc. 9) and Defendant's

opposition thereto (Doc. 20).

Plaintiff was injured in an automobile accident with an underinsured motorist on January

23, 2014. At that time, Plaintiff carried $100,000 in underinsured motorist coverage with

Progressive. On March 18, 2016, Plaintiff's counsel sent a letter to Progressive summarizing

Plaintiff's injuries, medical expenses totaling $44,134.61, and a demand for payment of the

$100,000 policy limit. (Doc. 20-1.) That demand expired without acceptance on April 21, 2016.

The next day, April 22, 2016, Plaintiff's counsel filed a civil remedy notice alleging bad faith on

Progressive's part for its failure to pay the $100,000 policy limit, which he claimed was clearly

warranted because Plaintiff's damages are "far in excess of the minimal $100,000 policy limits."

(Doc. 9 ¶ 39.)

Plaintiff filed this suit in state court on September 8, 2016. In her complaint, Plaintiff seeks

uninsured motorist benefits from Progressive (Count I), a Declaratory Judgment (Count II), and

damages for bad faith including the total amount of damages sustained by Plaintiff in the accident,

unrestricted by the $100,000 policy limit. (Doc. 2 ¶ 42); *see* Fla. Stat. § 627.727(1). Those

damages as alleged in paragraph ten of the complaint include:

> As a direct and proximate result of the aforesaid negligence, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of like, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff's motor vehicle was also damaged.

Progressive timely removed the case to this Court on January 23, 2017. (Doc. 1.) On February 7,

2017, Plaintiff filed the Motion to Remand which is the subject of this Order.

This has become an all too familiar story: a case worth in excess of $100,000 when filed in

state court becomes a case worth less than $75,000 when removed to federal court. *See e.g.*, *Yetter*

*v. Amica Mut. Ins. Co.*, No. 6:13-CV-972-ORL-31, 2013 WL 3837185 (M.D. Fla. July 24, 2013);

*Jankovic v. Progressive Am. Ins. Co.*, No. 6:14-CV-530-ORL-31, 2014 WL 5593541 (M.D. Fla.

May 9, 2014). Speaking of bad faith, Plaintiff's counsel cannot, in good faith, contend that, under

these circumstances, the value of this case does not meet the $75,000 jurisdictional threshold.

Accordingly, it is

**ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 24, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party