# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRENDA MARCELLE BECKER,**

    **Plaintiff,**

**v.**                                                              **Case No:   6:17-cv-114-Orl-31TBS**

**PROGRESSIVE AMERICAN**
**INSURANCE COMPANY,**

    **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 4) filed by the Defendant, Progressive American Insurance Company (henceforth, "Progressive"), and the response in opposition (Doc. 19) filed by the Plaintiff, Brenda Marcelle Becker ("Becker").

According to the allegations of the Complaint (Doc. 2), which are accepted in pertinent part as true for purposes of resolving the instant motion, Becker was injured in a traffic accident on January 23, 2014.   The driver of the other automobile, who was at fault, did not have bodily injury coverage.   Becker sought to recover uninsured/underinsured motorist ("UM") benefits from her own insurer, Progressive, but the company refused to pay.   Becker then filed the instant suit in state court, asserting a claim for breach of the UM policy, a first-party bad faith claim pursuant to Fla. Stat. § 624.155, and a request for a declaratory judgment that the damages determination as to the UM claim would be given preclusive effect in connection with the bad faith claim.

The suit was removed to this Court on January 23, 2017. (Doc. 1). Simultaneous with its notice of removal, Progressive filed the instant motion (Doc. 4), seeking dismissal of the bad faith claim and the declaratory judgment count.[1] Progressive argues that the bad faith claim should be dismissed because it has not yet accrued, and the declaratory judgment count should be dismissed because it relates to an unripe claim rather than an actual controversy. (Doc. 4 at 4, 8). Becker agrees that the bad faith claim will not accrue until a jury determines, in connection with her UM claim, the amount of her damages and that that other driver was at fault; however, she argues in favor of abatement, rather than dismissal.

The issue of whether premature statutory bad faith claims should be dismissed without prejudice or merely abated until the plaintiff obtains a favorable verdict comes up regularly. There is no clearly correct answer, and the judges in this district have come out both ways on the issue. *See, Bele v. 21st Century Centennial Ins. Co.*, 126 F.Supp.3d 1293, 1295-96 (M.D.Fla. 2015) (listing cases).

The undersigned has settled on abatement as the preferred course. *See, e.g., Gianassi v. State Farm Mutual Automobile Insurance Company*, 60 F.Supp.3d 1267 (M.D.Fla. 2014). The Florida Supreme Court recently reiterated that, while not the only option, abatement remains "an appropriate procedural device" to deal with a premature bad faith claim. *Fridman v. Safeco*, 185 So. 3d 1214, 1230 (Fla. 2016). Accordingly, I will continue to abate, rather than dismiss, such claims.

---

[1] Progressive also seeks dismissal of paragraph 19 of the Complaint, which includes the allegation that it did not make a good faith effort to settle Becker's claim. (Doc. 2 at 4). Even if the Court were inclined to dismiss the counts that rely on this allegation, dismissal of an individual paragraph is procedurally improper. The proper method would be to seek to have it stricken pursuant to Fed.R.Civ.P. 12(f) rather than seeking its dismissal pursuant to Fed.R.Civ.P. 12(b)(6). Although the parties have not briefed the issue, the paragraph at issue does not appear to be "redundant, immaterial, impertinent, or scandalous" so as to warrant being stricken.

As for the declaratory judgment claim, it is not clear that such a declaration would have any utility in the wake of the *Fridman* decision.  *See id.* at 1228 (holding that determination of damages obtained in the UM action becomes a binding element of damages in the subsequent bad faith litigation).   However, to the extent the plaintiff wishes to pursue it, the Court continues to hold that a declaratory judgment is not appropriate in this situation, as the controversy to which it relates – the bad faith claim – is insufficiently "definite and concrete" to satisfy the requirements of the Declaratory Judgments Act, 28 U.S.C. § 2201.   *Gianassi* at 1271-72.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 4) is **GRANTED IN PART AND DENIED IN PART.**   The bad faith claim (Count III) is **ABATED**.   The declaratory judgment claim (Count II) is **DISMISSED WITH PREJUDICE**.   And the request to have paragraph 19 dismissed is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 30, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party